UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE THE DNA OF DERRIUS COLEMAN,    Case No. 26-mc-50610-1

HON. Kimberly Altman

_____/

**EMERGENCY EX–PARTE MOTION FOR AN ORDER TO USE
REASONABLE FORCE TO EXTRACT DNA BY BUCCAL SWAB AS
AUTHORIZED BY SEARCH WARRANT**

This matter is before the Court on the government's emergency ex-parte

motion for an order to use reasonable force to obtain buccal swabs from defendant

Derrius Coleman for DNA comparison as authorized by a search warrant issued by

this Court on June 5, 2026, which expires on June 18, 2026. For the reasons set forth

below, the Court should grant the government's emergency ex-parte motion.

## I.    BACKGROUND

## A.    FACTS

On April 11, 2026, at approximately 10:44 p.m., Detroit Police officers on

patrol observed Derrius COLEMAN outside the Holiday House Wine Shop located

at 11200 Morang, in Detroit, Michigan. A DPD officer attempted to speak to

1

COLEMAN, who was known to them from previous encounters. DPD officers noted COLEMAN was very quiet and kept his distance from officers and immediately turned the right side of his body away. The DPD officer, who knew COLEMAN from previous contact, recognized this behavior as being out of the norm for COLEMAN.

When officers exited their vehicle to approach COLEMAN, COLEMAN fled on foot inside the Wine Shop store. Officers chased COLEMAN through the store. As observed on store video, COLEMAN appeared to pull an object out of his coat pocket. COLEMAN fled into the back room of the store where he was apprehended and handcuffed. As one officer led COLEMAN outside, the other officer searched the top of a shelf near where COLEMAN was apprehended. The back room is not accessible to the public. An employee of the store told the ATF case agent that COLEMAN showed him that gun approximately two hours earlier and that he had known COLEMAN for approximately ten years. One employee stated the store does not keep firearms in that room. Rather, they keep their firearms behind the glass partitioned counter where employees work.

On May 13, 2025, a grand jury indicted COLEMAN with one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (ECF No.16; PageID.28). On June 5, 2026, your Honor authorized a sealed search warrant

2

(2:26-mc-50610-1) to obtain COLEMAN'S DNA by buccal swabs to compare with swabs taken from the recovered gun. To execute the search and obtain the buccal swabs, on June 15, 2026, ATF went to the BOP facility where COLEMAN is detained. COLEMAN refused to comply with the search and would not allow the agent to perform the buccal swab. The current search warrant expires on or about June 18, 2026.

## B.    <u>LAW AND ANALYSIS</u>

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." "Using a buccal swab on the inner tissues of a person's cheek in order to obtain DNA samples is a search." *Maryland v. King*, 569 U.S. 435, 446 (2013); *see also Schmerber* v. *Cal*., 384 U.S. 757, 768 (1966) (holding that bodily intrusions like blood tests are subject to Fourth Amendment reasonableness analysis.) "As the text of the Fourth Amendment indicates, the ultimate measure of the constitutionality of a governmental search is 'reasonableness.'" *King*, 569 U.S. at 446. The application of "traditional standards of reasonableness" requires the Court to weigh "the promotion of legitimate governmental interests" against "the degree to which [the search] intrudes upon an individual's privacy." *Id*.

3

"Buccal cell collection involves wiping a small piece of filter paper or a cotton swab similar to a Q-tip against the inside cheek of an individual's mouth to collect some skin cells. The procedure is quick and painless." *King*, 133 S. Ct. at 1967–68 (citation and internal quotation marks omitted). Thus, "[o]btaining buccal swabs is a minimally intrusive process, and if the United States establishes reasonable individualized suspicion that the procedure will lead to admissible DNA evidence in a criminal case, the Court will ordinarily authorize it." *United States v. Hayes*, No. 15-CR-29-A, 2017 WL 1437213, at *2 (W.D.N.Y. 2017); *see also United States v. Knight*, No. 15-CR-20283, 2016 U.S. Dist. LEXIS 90644 (E.D. Mich. July 13, 2016) (finding buccal swab reasonable under the Fourth Amendment). Here, your Honor has authorized the search. However, COLEMAN refuses to voluntarily comply.

## C.    THE COURT CAN AUTHORIZE REASONABLE AND NECESSARY FORCE TO PERFORM THE BUCCAL SWAB PROCEDURE

Even if a search is done pursuant to a warrant, the "means and procedures employed in taking the [DNA] sample" must respect "relevant Fourth Amendment standards of reasonableness." *United States v. Mathis*, No. CRIM. 09-339, 2012 WL 11036, at *2 (W.D. Pa. Jan. 3, 2012), *aff'd* 568 F. App'x 149 (3d Cir. 2014) (internal quotations omitted).

Because the government got a search warrant to take the buccal swab of COLEMAN's inner check to get his DNA, it is not "required to obtain [his] consent…before executing that warrant." *Mathis*, 2012 WL 11036, at *3. As noted in *United States v. Bailey*, No. CRIM. 23-498-KSM, 2024 WL 4906483, at *5 (E.D. Pa. Nov. 27, 2024), agents are permitted to use reasonable force to take a person's DNA, pursuant to a lawful search warrant, if he refuses to voluntarily submit to a buccal swab. *See, e.g. Brown v. Upper Darby Police Dep't*, No. 20-1452, 2021 WL 2948833, at *3 (3d Cir. July 14, 2021) (per curiam) (finding no Fourth Amendment violation when officers used force "to take a buccal swab, pursuant to a facially valid warrant," because "the force used was only what was necessary to obtain a sample despite Brown's active resistance"); *United States v. Bullock*, 71 F.3d 171, 176 (5th Cir. 1995) (ruling that "[t]he use of force in taking [blood and hair] samples" was reasonable because the defendant refused "to comply with a lawful warrant"); *United States v. Johnson*, 462 F.2d 423, 427 (3d Cir. 1972) ("[A] person does not have the right to forcibly resist execution of a search warrant by…a Government agent[.]").

Therefore, this Court can authorize ATF and law enforcement officers assisting them to use reasonable and necessary force to obtain buccal swabs from COLEMAN.

## II.   CONCLUSION

For the reasons stated above, the Government requests an order allowing ATF and law enforcement officers assisting them to use reasonable and necessary force to obtain buccal swabs from COLEMAN. Moreover, the Government requests an order on or before June 18, 2026, which is the expiration date of the search warrant.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

s/Terrence Haugabook
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
E-mail: terrence.haugabook@usdoj.gov
Tel: 313-226-9157

Date: June 17, 2026

6